UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES SADLER,
and others similarly situated,

    Plaintiffs,

-vs-                                       Case No:   1:12-cv-04298-CM

LIBERTY MARITIME CORPORATION,

    Defendant.
_____/

ROBERTA E. ASHKIN (#115461515)
Local Counsel
475 Park Ave. South, 17th Floor
New York, NY 10016
212-702-3322
212-702-3372 - fax
robertaashkin@aol.com
_____/

**CLASS ACTION COMPLAINT UNDER RULE 9(h)**

    NOW COMES Plaintiff, on his behalf and other similarly situated persons, complaining against Defendant as follows:

    1.    Jurisdiction and venue lie in this action, Defendant being subject to service of process within this forum.

    2.    Subject matter jurisdiction is founded under the general maritime law and the Shipowner's Liability Convention for the unearned wage component of maintenance and cure.

    3.    At all times material to issues herein, Plaintiff, and other similarly situated persons, suffered illness or injury in the service of Defendant's vessel(s) on inter-coastal/foreign/high seas

1

voyages and were thereafter paid unearned wages, <u>sans</u> the overtime they otherwise would have earned; moreover, as to those with dependents, unearned wages were not paid until their sickness or incapacity was declared of a permanent character.

  4. Plaintiffs, and others similarly situated, are entitled to the overtime and vacation pay component of the unearned wages they otherwise would have earned, and those with dependents, are entitled to unearned wages until their sickness or incapacity was declared of a permanent character, per the Shipowners' Liability Convention.

## CLASS ACTION ALLEGATIONS

Plaintiffs are entitled to sue as a representative party on behalf of crewmembers who have been paid unearned wages on high seas/inter-coastal/foreign voyages <u>sans</u> the overtime and/or vacation pay they would have earned, and for those with dependents who were not paid unearned wages until their sickness or incapacity was declared of a permanent character, for the following reasons:

  5. Joinder of all class members is not practicable because:

    A. The class numbering according to Plaintiffs best present estimate is too numerous and/or disperse geographically.

  6. The claim of Plaintiff is typical of the claims of the class.

  7. Plaintiff will fairly and adequately protect the interests of the class.

  8. The prosecution of separate actions by individual members of the class would create a risk of:

    A. Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct of Defendant; and

  B. Adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of adjudication or substantially impair or impede their ability to protect their interest.

 9. Questions of fact and law common to the members of the class predominate over any questions affecting only individual members, i.e. whether unearned wages on an inter-coastal/foreign voyage payable is inclusive of the overtime the crewmember would have earned.

 10. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because it will:

  A. Avoid a multiplicity of actions;

  B. Permit the litigation of small claims otherwise sufficient to support litigation;

  C. Promote judicial economy.

WHEREFORE Plaintiffs and class members pray for Judgment in an amount equal to the overtime wages to which they are entitled to during their period of entitlement to unearned wages on an inter-coastal/foreign voyage, plus interest, costs, attorney fees and any other relief to which they are lawfully entitled in the premises.

           /s/ Roberta E. Ashkin
           _____
           ROBERTA E. ASHKIN (#115461515)
           Local Counsel
           475 Park Ave. S., 17th Floor
           New York, NY 10016
           212-702-3322
           212-702-3372 - fax
           robertaashkin@aol.com

Dated: May 21, 2012